Larry W. Lee (State Bar No. 228175)
Kristen M. Agnew (State Bar No. 247656)
Nicholas Rosenthal (State Bar No. 268297)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 Facsimile

William L. Marder (State Bar No. 170131)
**POLARIS LAW GROUP LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| CODY WIRBICK, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNDT CONSTRUCTION, INC., an Arizona corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-02067-MCE-CKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   October 1, 2020<br>Time:   2:00 P.M.<br>Courtroom: 7<br>Judge:   Hon. Morrison C. England, Jr. |

**ORDER**

Plaintiff Cody Wirbick ("Plaintiff" or "Class Representative"), having made an application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order: (a) preliminarily approving the settlement of the litigation pursuant to the Joint Stipulation of Class Action Settlement (the "Agreement"); (b) certifying the proposed Class, for settlement purposes only; (c) approving the form of Notice of Proposed Class Action Settlement ("Notice Packet") and directing the manner of delivery thereof; (d) approving Plaintiff as the Class Representative for settlement purposes only; and (e) approving Larry W. Lee, Kristen M. Agnew and Nicholas Rosenthal of Diversity Law Group, and William L. Marder of Polaris Law Group as Class Counsel for settlement purposes only; and (f) scheduling a "fairness hearing," i.e., a hearing on the final approval of the settlement.

IT IS HEREBY ORDERED THAT:

1. All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties and filed with this Court.

2. The Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate and to have been the product of serious, informed, and extensive arm's-length negotiations among the Plaintiff and Defendant Sundt Construction, Inc. ("Defendant") (Plaintiff and Defendant collectively referred to as the "Parties"). In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

3. For settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the following class:

> All current and former employees of Defendant who received one or more wage statements reflecting the payment of wages at any time from August 29, 2018 through July 31, 2019. The Class

        specifically excludes individuals who signed arbitration agreements with Defendant.

4. If the Agreement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Agreement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying a settlement class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Releasees, or in this Action if the Agreement is not finally approved.

5. The Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. Rule 23(e), that the number of Class Members is sufficiently numerous, the Class Members are ascertainable based on the Defendant's records, the Plaintiff's claims are typical of those in the Class, and that there is adequate and fair representation.

6. Accordingly, for purposes of the Agreement only, this litigation is hereby CONDITIONALLY CERTIFIED as a class action pursuant to Fed. R. Civ. P. 23(e).

7. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints as Class Counsel for settlement purposes only Larry W. Lee, Kristen M. Agnew and Nicholas Rosenthal of Diversity Law Group, and William L. Marder of Polaris Law Group. The Court finds that Class Counsel collectively have extensive experience and expertise in prosecuting wage and hour class actions.

8. Plaintiff is approved as the Class Representative for the Class Members for settlement purposes only.

9. The Court finds on a preliminary basis that the proposed settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs and the Class Representative Service Payment) falls within the "range of reasonableness" and therefore grants preliminary approval of the Agreement. Based on a review of the papers submitted by the Parties, the Court finds that the Agreement is the result of extensive arm's length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of

those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Agreement is non-collusive.

10. The Court hereby APPROVES Phoenix Settlement Administrators as the Settlement Administrator for the purposes of this settlement.

11. A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on January 14, 2021, at 2:00 p.m. in Courtroom 7, for the following purposes:

    a. to determine finally whether this litigation satisfies the applicable prerequisites for class action treatment of a settlement class;

    b. to determine whether the proposed Agreement is fair, reasonable, and adequate and should be granted final approval by the Court;

    c. to determine whether the Final Approval Order and Judgment as provided under the Agreement should be entered, and to determine whether the Releases should be released of and from the Released Claims as provided in the Agreement;

    d. to determine whether the proposed plan of allocation of the Class Settlement Amount is fair, adequate, and reasonable and should be approved by the Court;

    e. to finally consider Plaintiff's application for the Class Representative Enhancement Payment;

    f. to finally determine whether Class Counsel's application for an award of attorneys' fees and costs is fair, reasonable, and adequate and should be approved by the Court;

    g. to determine that the Settlement Administrator's costs should be paid from the Class Settlement Amount; and

    h. to rule upon such other matters as the Court may deem appropriate.

12. The form of Class Notice is hereby APPROVED.  No later than ten (10) calendar days after the Preliminary Approval Date, Defendant shall provide the Settlement Administrator

with the Class List and Data for purposes of preparing and mailing the Notice Packet to Class Members. The Class List and Data shall be confidential. The Settlement Administrator shall not provide the Class List and Data to Class Counsel or Plaintiff or any third party, or use the Class List and Data or any information contained therein for any purpose other than to administer this Settlement. No later than ten (10) calendar days after receiving the Class List and Data from Defendant as provided herein, the Settlement Administrator shall mail copies of the Notice Packet to all Class Members via regular First Class U.S. Mail. The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Class Member. The address identified by the Settlement Administrator as the current mailing address shall be presumed to be the best mailing address for each Class Member. In the event more than one address is identified, then the Settlement Administrator shall mail to each potentially valid address.

13. The Court finds that the Notice Packet constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process. The Court further finds that the notifications fully and accurately inform the Class Members of all material elements of the proposed settlement, of the Class Members' right to dispute their share of the settlement, of the Class Members' right to be excluded from the Class, and of each Class Member's right and opportunity to object to the settlement.

14. The Court hereby APPROVES the proposed Response Deadline of forty-five (45) calendar days from the initial mailing of the Class Notice.

15. The Court hereby APPROVES the proposed procedure for opting out of the Class. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted. Any Class Member who submits a valid and timely Request for Exclusion will not be entitled to any share of the Settlement and will not have any right to object, appeal or comment on the Agreement. Class Members who fail to submit a valid and timely Request for Exclusion shall be bound by all terms of the Agreement and the Final Approval Order and Judgment, regardless of whether they

1. otherwise have requested exclusion from the Settlement.

16. All reasonable costs of settlement and claims administration, including the mailing of the Notice Packet, shall be paid for as provided in the Agreement.

17. All written objections and supporting papers ("Notice of Objection") must include: (a) the objector's full name, signature, address, and telephone number; (b) a written statement of the basis for the objection; and (c) any copies of papers, briefs, or documents upon which the objection is based. The Notice of Objection must be sent to the Settlement Administrator pursuant to the terms of the Agreement and be postmarked on or before the applicable deadline. Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement. Class Members who submit a timely Notice of Objection will have a right to appear at the Final Approval/Settlement Fairness Hearing in order to have their objections heard by the Court. Class Members who submit a Request for Exclusion are not entitled to object to the Settlement.

18. It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

19. All Parties are otherwise ordered to comply with the terms of the Agreement.

20. Jurisdiction is hereby retained over this Action and the Parties to the Action, and each of the Class Members for all matters relating to this Action, the Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Agreement and this Order.

IT IS SO ORDERED.

Dated: October 16, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**