Larry W. Lee (State Bar No. 228175)
Kristen M. Agnew (State Bar No. 247656)
Nicholas Rosenthal (State Bar No. 268297)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 Facsimile

William L. Marder (State Bar No. 170131)
**POLARIS LAW GROUP LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| CODY WIRBICK, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNDT CONSTRUCTION, INC., an Arizona corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-02067-MCE-CKD<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:         January 14, 2021<br>Time:         2:00 P.M.<br>Courtroom:  7<br>Judge:        Hon. Morrison C. England, Jr. |

# ORDER

This matter is before the Court on Plaintiff Cody Wirbick's ("Plaintiff" or "Class Representative") Motion for Final Approval of Class Action Settlement and for Judgment (ECF No. 19) in this action on the terms set forth in the Joint Stipulation of Class Action Settlement (the "Settlement Agreement") (Dkt. No. 16-1, Ex. A.) Due and adequate notice having been given to the members of the Class, and the Court having considered the Settlement Agreement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed Class and PAGA Settlement, and having reviewed the entire record in this action, *Wirbick v. Sundt Construction, Inc.*, Case No. 2:19-cv-02067-MCE-CKD ("the Action"), and good cause appearing, finds that:

WHEREAS, Plaintiff has alleged claims against Defendant Sundt Construction, Inc. ("Defendant") (Defendant and Plaintiff collectively, the "Parties"), on behalf of himself and all current and former employees of Defendant who received one or more wage statements reflecting the payment of wages at any time from August 29, 2018 through July 31, 2019; and

WHEREAS, on July 30, 2019, Plaintiff commenced this action in Superior Court for the State of California, County of Solano, alleging two causes of action for (1) failure to provide accurate wage statements in violation of California Labor Code section 226; and (2) violation of the Private Attorneys General Act ("PAGA"), Labor Code section 2698, *et seq.*, based on the underlying violation of Labor Code section 226;

WHEREAS, on September 26, 2019, Plaintiff filed a First Amended Complaint, removing the cause of action for violation of Labor Code section 2698, *et seq.*;

WHEREAS, on October 11, 2019, Defendant filed a Notice of Removal of Action to the United States District Court for the Eastern District of California;

WHEREAS, Defendant expressly denies the allegations of wrongdoing and violations of law alleged in this Action, asserts that it provided accurate itemized wage statements, and further denies any liability whatsoever to Plaintiff and Settlement Class Members;

WHEREAS, without admitting any liability, claim, or defense the Parties determined that it was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty, and

business disruption of ongoing litigation;

WHEREAS, this Court granted preliminary approval of the Parties' class action settlement in this Action on October 16, 2020 ("Preliminary Approval Order");

WHEREAS, the class notice was sent to the Class Members in accordance with the Preliminary Approval Order; and

WHEREAS, a fairness hearing on the proposed class action settlement was scheduled for January 14, 2021 and a decision was reached after the matter was submitted and no opposition was filed,

NOW, therefore, the Court grants final approval of the Class Settlement, and IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this Action, Defendant, and the Settlement Class Members.

2. The Court has determined that the class notice given to the Class Members fully and accurately informed all Class Members of all material elements of the proposed class action settlement – including the plan of distribution of Class Settlement Amount, the application for Class Representative Enhancement Payment to Plaintiff, and the application for Class Counsels' Attorneys' Fees and Costs – constituted the best notice practicable under the circumstances, constituted valid, due, and sufficient notice to all Settlement Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

3. The Court hereby grants final approval of the class action settlement as fair, reasonable, and adequate in all respects to the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure and orders the Parties and the Settlement Administrator to implement all remaining terms of the Settlement Agreement pertaining to the distribution of the Class Settlement Amount and Net Settlement Amount in accordance with the terms of the Settlement Agreement.

4. The plan of distribution as set forth in the Settlement Agreement providing for the distribution of the Net Settlement Amount to Settlement Class Members is hereby finally

approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. As previously held in the Court's Preliminary Approval Order, the Class for settlement purposes is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows: "[a]ll current and former employees of Defendant who received one or more wage statements reflecting the payment of wages at any time from August 29, 2018 through July 31, 2019."

6. As previously held in the Court's Preliminary Approval Order, the Court appoints as Class Counsel, Diversity Law Group and Polaris Law Group.

7. The Court approves payment of a Class Representative Enhancement of $10,000.00 to Plaintiff for his service to the Class, which shall be paid from, and not in addition to, the Class Settlement Amount.

8. The Court approves the payment of attorneys' fees in the amount of $126,364.00 to Class Counsel, which shall be paid from, and not in addition to, the Class Settlement Amount.

9. The Court also approves the additional payment of attorneys' costs in the amount of $4,932.14 to Class Counsel to reimburse them for their expenses, which shall be paid from, and not in addition to, the Class Settlement Amount.

10. The Court approves a payment of up to $8,750.00 to the Settlement Administrator out of the Class Settlement Amount. Any portion of the payment to the Settlement Administrator that is unused will go to the Net Settlement Amount.

11. Any checks for Individual Settlement Payments that are not cashed within 180 days shall be transmitted to Sacramento Loaves & Fishes.

12. All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiff and the Settlement Class Members, pursuant to the terms of the Settlement Agreement. Each party shall bear his or its own costs and attorneys' fees, except as provided in the Settlement Agreement and as set forth above in this Order and as set forth in any other Order issued in response to the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings took place concurrently with the hearing for this Order.

**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

13. Upon entry of this Order and the accompanying Judgment, the claims in this Action and the Released Class Claims of each Class Member against Defendant, and against any and all of the Released Parties as defined in the Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement to the maximum extent permitted by law.

14. Upon entry of this Order and the accompanying Judgment, all Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Class Claims against any of the Released Parties as defined in the Settlement Agreement and as set forth in the Preliminary Approval Order.

15. Each Settlement Class Member is bound by this Order and the Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement.

16. This Order, the Judgment, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

17. Without affecting the finality of this Order and the accompanying Judgment filed herewith, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiff, the Settlement Class Members, and Defendant for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, Preliminary Approval Order, distribution of the Class Settlement Amount, the Final Judgment, and this Order.

IT IS SO ORDERED.

Dated: April 12, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE